IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| D.E.P., | : |
|     Petitioner, | : |
| v. | :   CASE NO. 4:22-CV-150-CDL-MSH |
| | :   28 U.S.C. § 2241 |
| Warden, STEWART DETENTION CENTER, *et al.*, | : |
|     Respondents. | : |

## ORDER AND RECOMMENDATION

Pending before the Court is Respondents' motion to dismiss Petitioner's application for habeas corpus relief (ECF Nos. 7, 1). For the reasons explained below, it is recommended that Respondents' motion to dismiss be granted.

## BACKGROUND

Petitioner, a native and citizen of Canada, was taken into U.S. Immigration and Customs Enforcement ("ICE") custody in May 2022 and transported to Folkston ICE Processing Center. Pet. 6-7, ECF No. 1; Resp'ts' Mot. to Dismiss 2, ECF No. 7.[1] On August 4, 2022, an immigration judge ("IJ") ordered his removal to Canada, and Petitioner waived his right to appeal. Resp'ts' Ex. A, ECF No. 7-1. Petitioner was transferred to

---

[1] According to Respondents, Petitioner was charged with removability based on convictions for aggravated felonies. Resp'ts' Mot. to Dismiss 2. Respondents attach no documentation to support this assertion but only provide the information for background. *Id.* at 1 n.2. The Court agrees the exact reason for Petitioner's placement in immigration removal proceedings is not necessary for the Court's determination of the lawfulness of his current detention.

Stewart Detention Center in Lumpkin, Georgia on August 29, 2022. Pet. 7. The Court received Petitioner's application for habeas relief under 28 U.S.C. § 2241 on September 26, 2022. Pet. 1, ECF No. 1. In his application, Petitioner claims he has been subjected to prolonged detention in violation of his Fifth Amendment due process rights. *Id.* Respondents moved to dismiss Petitioner's habeas application on October 7, 2022, contending his claim of prolonged detention was premature under *Zadvydas v. Davis*, 533 U.S. 678 (2001). Resp'ts' Mot. to Dismiss 3-4. Petitioner timely responded in opposition to the motion (ECF No. 11), Respondents filed a reply brief (ECF No. 12) on November 8, 2022, and Petitioner filed a surreply (ECF No. 14).[2] Respondents' motion to dismiss is ripe for review.

## DISCUSSION

Because a removal order has been entered, Petitioner's detention is governed by 8 U.S.C. § 1231(a). Under § 1231(a), "when an alien is ordered removed," the Attorney

---

[2] Petitioner filed a motion for permission to file a surreply (ECF No. 13) and then filed a sixteen page surreply (ECF No. 14). "Surreply briefs are not favored." M.D. LR 7.3.1(B). Moreover, Petitioner's surreply exceeds the page limit allowed even for reply briefs. M.D. LR 7.4. Nevertheless, Petitioner's motion for permission to file a surreply (ECF No. 13) is **GRANTED**, and the Court has considered his surreply. The Court notes that most of the arguments therein are repetitive or frivolous. This includes Petitioner's reliance on the mailbox rule to argue Respondents' reply brief was untimely and should be "barred" because it was not filed within fourteen days of Petitioner placing his response "in the Stewart Detention Center's established mail system." Pet'r's Surreply 2, ECF No. 14 (citing *Houston v. Lack*, 487 U.S. 266, 270 (1988)). The prison mailbox rule "is applied to *pro se* prisoners' legal filings to ensure that their filings are not unfairly barred as untimely due to delays beyond their control." *Brown v. Kyle*, No. 1:04–cv–06539–AWI–SKO PC, 2011 WL 3358967, at *1 (E.D. Cal. Aug. 3, 2011). It "is not intended for use against an opposing party to unfairly prevent consideration of that party's filings." *Id.* Here, Respondents' reply was filed within fourteen days of the Court's receipt of Petitioner's response, which is presumably when Respondents received it. *See id.* Therefore, Petitioner's request that Respondents' reply be stricken is denied. Petitioner has also filed a motion requesting the Court to rule on his habeas petition (ECF No. 15). That motion is **DENIED AS MOOT**.

General "shall" remove the alien within ninety days. 8 U.S.C. § 1231(a)(1)(A). This removal period begins to run on the latest of:

> (i) The date the order of removal becomes administratively final.
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B). Detention during the ninety-day removal period is mandatory. 8 U.S.C. § 1231(a)(2). Moreover, § 1231(a) allows for the continued detention of certain categories of aliens beyond this ninety-day removal period. It provides:

> An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in [§ 1231(a)(3)].

8 U.S.C. § 1231(a)(6).[3]

By its explicit terms, § 1231(a)(6) does not limit the length of detention for an alien detained under that section. In *Zadvydas*, however, the United States Supreme Court applied the doctrine of constitutional avoidance to "read an implicit limitation into the statute." 533 U.S. at 689. The Supreme Court held that § 1231(a)(6) authorizes post-removal-order detention only for a period "reasonably necessary" to accomplish the alien's removal from the United States. *Id.* at 699-700. The Court recognized six months as a presumptively reasonable period of time to allow the government to accomplish such

---

[3] Petitioner falls into this category by virtue of his aggravated felony convictions. 8 U.S.C. § 1227(a)(2)(A)(iii).

3

removal. *Id*. at 701.  The Court of Appeals for the Eleventh Circuit has explained that to be entitled to release under *Zadvydas*, an alien must show: "(1) that the six-month period, which commences at the beginning of the statutory removal period, has expired when the § 2241 petition is filed; and (2) evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future."  *Gozo v. Napolitano*, 309 F. App'x 344, 346 (11th Cir. 2009) (per curiam) (quotation marks omitted); *see also Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) (per curiam) ("[I]n order to state a claim under *Zadvydas* the alien . . . must show post-removal order detention in excess of six months [and] also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.").

Respondents contend Petitioner's habeas application should be dismissed as premature because he has not shown post-removal detention in excess of six months as required by *Zadvydas*.  Resp'ts' Mot. to Dismiss 3-4.  The Court agrees that Petitioner fails to state a *Zadvydas* claim.  Petitioner's removal order became final on August 4, 2022, when he waived his right to appeal the IJ's decision.  8 C.F.R. § 1241.1(b).  At the time he filed his petition, he had been detained post-final-order-of-removal for less than two months.  Even now, he is well within the six-month presumptively-reasonable removal period provided by *Zadvydas*.

Petitioner, however, contends *Zadvydas* is inapplicable to his due process claims because it is predicated on the Government making good faith efforts to effect his removal. Pet. 6; Pet'r's Resp. to Mot. to Dismiss 2, ECF No. 11.  He argues such is not the case here,

4

and that "a reasonable time frame for the removal period for aliens being repatriated to Canada, if [the Department of Homeland Security ("DHS")]/ICE diligently put forth a good faith effort in effectuating this removal, would amount to just 21 days." Pet. 8. Citing a series of conversations with the Canadian consulate and DHS/ICE agents, however, Petitioner argues immigration officials were dilatory in requesting travel documents from Canada.[4] Pet. 6-8. He contends this delay was both the result of gross negligence and a conspiracy among Respondents to intentionally prolong the detention of aliens for the purpose of financial gain. Pet. 9-10. He asserts that because his "detention was protracted for reasons other than the legitimate immigration purpose for which it was designed[,] such detention violated his Fifth Amendment rights." Pet'r's Resp. to Mot. to Dismiss 2.

Petitioner's argument is novel but unconvincing. *Zadvydas*'s six-month presumptively-reasonable detention period is based on statutory construction. While the Court cannot say there is no hypothetical set of facts in which detention for less than six months could violate due process, Petitioner's conclusory and unsubstantiated allegations are insufficient to overcome the presumption of reasonableness. He asserts no facts to support his claim of a conspiracy by Respondents to prolong his detention, and his criticism of the speed and efficiency with which immigration officials sought to obtain his travel documents demonstrates nothing more than a typical bureaucratic process. Petitioner's desire for a more expeditious removal does not mean his detention has been unreasonably

---

[4] According to Respondents' counsel, ICE/Enforcement and Removal Operations ("ERO") requested a travel document from the Canadian consulate on September 29, 2022. Resp'ts' Mot. to Dismiss 2.

prolonged or that immigration officials have acted in bad faith, especially considering Petitioner's removal is not the only one they need to arrange. Therefore, the Court concludes that Petitioner's detention does not violate due process.

Petitioner also claims he is entitled to relief under 42 U.S.C. §§ 1983 and 1985 for Respondents' violations of his civil rights and under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346. Pet'r's Resp. to Mot. to Dismiss 4. In fact, while Petitioner's applications cites the habeas statute, 28 U.S.C. § 2241 as a source of the Court's jurisdiction, he also cites 42 U.S.C. § 1983. Pet. 5. Further, although the Court does not see a specific reference in the petition to 42 U.S.C. § 1985, Petitioner alleges Respondents conspired to interfere with his civil rights. Pet. 2. Finally, Petitioner's references to negligence by Respondents speaks in terms of tort.[5] *Id.* His requested remedies include an order directing the Government "to immediately end his false imprisonment by

---

[5] Although not specifically referenced by Petitioner, the Court will also consider the possibility that he meant to assert a claim under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Respondents interpret Petitioner's pleading as raising "conditions of confinement" claims. Resp'ts' Mot. to Dismiss 5. The Court has carefully reviewed the petition, however, and does not see where Petitioner challenges the conditions of his confinement except as to its duration and the mental distress caused thereby. To the extent Petitioner intends to challenge his conditions of confinement, however, the Court agrees they are not cognizable in a habeas action. *See Vaz v. Skinner*, 634 F. App'x 778, 781 (11th Cir. 2015) (per curiam) ("Petitioner's § 2241 petition is not the appropriate vehicle for raising an inadequate medical care claim, as such a claim challenges the conditions of confinement, not the fact or duration of that confinement."); *see also A.S.M. v. Warden, Stewart Cnty. Det. Ctr.*, 467 F. Supp. 3d 1341, 1348 (M.D. Ga. 2020) (concluding that the Court does not have jurisdiction to consider a habeas corpus claim based on presence of Covid-19 at Stewart Detention Center). Respondents also interpret the petition as raising state law tort claims. Resp'ts' Mot. to Dismiss 5. Because the Court recommends dismissal of Petitioner's federal claims, any such claims—to the extent Petitioner intended to assert them—should be dismissed as well. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.").

effectuating his departure order" and monetary damages for a violation of his Fifth Amendment rights and "infliction of severe emotional distress." Pet. 5.

Petitioner suggests the Court should "construe his pleadings liberally to present the strongest arguments they suggest." Pet'r's Resp. to Mot. to Dismiss 4. The Court agrees that it is required to "'look behind the label' and determine whether the filing is cognizable under a different legal approach." *Hall v. Warden, FCC Coleman-USP I*, 571 F. App'x 826, 828 (11th Cir. 2014) (per curiam) (quoting *United States v. Jordan*, 915 F.2d 622, 624–25 (11th Cir.1990)). Here, the Court concludes Petitioner's filing is not cognizable under any legal approach.

Preliminarily, the Court notes that Petitioner's filing, while premature, is properly construed as raising habeas claims. Habeas corpus is the "exclusive remedy" for a detainee challenging "the fact *or* duration of his confinement and seek[ing] immediate or speedier release." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (emphasis added) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973)). Plaintiff's filing challenges the "prolonged" nature of his detention. Pet. 1. Further, although Petitioner does not explicitly request release from detention, his demand that his detention be "end[ed] . . . by effectuating his departure order" is the functional equivalent of a demand for speedier release. *See Prather v. Norman*, 901 F.2d 915, 917 (11th Cir. 1990) (per curiam) (noting that request for an order "prohibiting defendants from prohibiting Plaintiff from returning to his hometown in which he was born" was "in essence asking for release" and properly "construed as a habeas claim").

Moreover, because all of Petitioner's non-habeas claims would require a finding

7

that his continuing detention has been unlawfully prolonged, they are not cognizable unless he can prove the detention has been invalidated. *See Heck*, 512 U.S. at 486 (holding a § 1983 claim for damages related to an allegedly unconstitutional conviction or sentence was not cognizable absent proof that the conviction or sentence had been invalidated); *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (extending *Heck*'s holding to a request for equitable relief); *Cohen v. Clemens*, 321 F. App'x 739, 742 (10th Cir. 2009) (applying *Heck* to the immigration detention context and holding the plaintiff's *Bivens* action was barred because he had not shown the unlawfulness of his detention); *Daniel v. United States*, No. 4:14–cv–00443–AKK–TMP, 2015 WL 1334029, at *3 (N.D. Ala. Mar. 24, 2015) (dismissing alien detainee's *Bivens* claim alleging mental injury from excessive and lengthy detention because his continued detention had not been invalidated); *Parris v. United States*, 45 F.3d 383, 385 (10th Cir. 1995) (applying *Heck* to a claim under the FTCA). For the reasons stated above, Petitioner cannot show his continuing detention is unlawful, and therefore, these claims are barred.

Finally, the Court notes that, even if it did not recommend dismissal of Petitioner's habeas claims or find his remaining claims barred, it would still recommend dismissal of his civil rights and FTCA claims because they cannot be raised in the same action as a habeas petition. *See Kerlin v. Barnard*, 742 F. App'x 488, 489 (11th Cir. 2018) (per curiam) (noting that a habeas petition and § 1983 claim are "mutually exclusive" and cannot be raised in the same action (citing *Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006) and *McNabb v. Comm'r Ala. Dep't of Corr.*, 727 F.3d 1334, 1344 (11th Cir. 2013))); *Hundley v. Rectenwald*, No. 1:CV–12–0790, 2012 WL 4103823, at *2 (M.D. Pa.

8

May 15, 2012) (concluding that FTCA claim must be brought in a separate civil action from a § 2241 habeas petition), *recommendation adopted by* 2012 WL 4103822 (M.D. Pa. Sept. 18, 2012); *Gates v. Grondolsky*, No. 16-10793-MBB, 2016 WL 5388947, at *2 (D. Mass. Aug. 2, 2016) (finding FTCA claim "not the proper subject of a § 2241 petition"); *Roney v. United States*, No. 1:20-cv-381-MOC, (1:16-cr-39-MOC-WCM-2, 2021 WL 2518217, at *3 n.4 (W.D.N.C. June 18, 2021) (noting that *Bivens* claims, as the federal equivalent of a § 1983 claim, must be brought in a separate lawsuit).

## CONCLUSION

For the foregoing reasons, it is recommended that Respondents' motion to dismiss (ECF No. 7) be **GRANTED** and Petitioner's application for habeas relief (ECF No. 1) be **DISMISSED WITHOUT PREJUDICE**. Petitioner's motion for permission to file a surreply (ECF No. 13) is granted, and his request for a ruling (ECF No. 15) is denied as moot. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof. Any objection should be no longer than TWENTY (20) PAGES in length. *See* M.D. Ga. L.R. 7.4. The district judge shall make a *de novo* determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual

and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

SO ORDERED and RECOMMENDED, this 21st day of November, 2022.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE